**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4230

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEMIAH WYATT SANDERS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:18-cr-00059-LCB-1)

Submitted:  January 24, 2022                                     Decided:  April 1, 2022

Before NIEMEYER and DIAZ, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  John McRae Alsup, Assistant United States Attorney, Angela Hewlett Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lemiah Wyatt Sanders, Jr., pled guilty, pursuant to a written plea agreement, to robbery affecting commerce, in violation 18 U.S.C. § 1951(a), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Sanders' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Sanders' sentence is substantively reasonable. Sanders did not file a pro se supplemental brief. The Government moves to dismiss Sanders' appeal in light of the appeal waiver in Sanders' plea agreement. We grant the motion to dismiss in part and dismiss the appeal as to all issues within the scope of the appeal waiver, affirm the convictions, vacate Sanders' sentence and remand for resentencing.

We review the validity of an appellate waiver de novo to "determine whether [appellant] knowingly and voluntarily waived his right to appeal." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). An appellate waiver is enforceable "if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). Our review of the record confirms that Sanders knowingly and voluntarily waived his right to appeal with limited exceptions. We therefore hold that the waiver is valid and enforceable and grant in part the Government's motion to dismiss.

In imposing Sanders' supervised release conditions, the district court failed to announce that it was imposing the standard conditions of supervised release as detailed in U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s., that it ultimately included in the

2

written judgment. The court also failed to orally announce that Sanders must abstain from the use of alcoholic beverages if the probation officer directs that he participate in a substance abuse program as part of the special conditions of supervision. A district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. *United States v. Rogers*, 961 F.3d 291, 296-99 (4th Cir. 2020). This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d)." *Id.* at 300. In *United States v. Singletary*, we explained that a challenge to discretionary supervised release terms that were not orally pronounced at sentencing falls outside the scope of a plea waiver because "the heart of a *Rogers* claim is that discretionary conditions appearing for the first time in a written judgment . . . have *not* been 'imposed' on the defendant." 984 F.3d 341, 345 (4th Cir. 2021). In situations such as the one presented here, where the court fails to announce or otherwise incorporate the discretionary conditions of supervised release, the appropriate remedy is to vacate the sentence and remand for a full resentencing hearing. *See id.* at 346 & n.4. Because we are vacating Sanders' sentence, we need not consider substantive reasonableness of the sentence.[*] *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).

---

[*] The district court did not have the benefit of this court's decisions in *Rogers* and *Singletary* when Sanders was sentenced.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore grant the Government's motion to dismiss the appeal as to all issues within the scope of the appeal waiver and affirm Sanders' convictions, but we vacate his sentence and remand for resentencing. This court requires that counsel inform Sanders, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanders requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART, AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*